## City of Louisville v. Lee, et al.

(Decided February 5, 1914.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, First Division.)

New Trial—Surprise.—It is only in rare cases that a new trial will be granted on the ground that a witness for the party asking the new trial gave testimony differing from what he said before the trial his evidence would be.

W. J. O'CONNOR, PENDLETON BECKLEY for appellant.

J. L. RICHARDSON, H. O. WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee, William Lee, a boy about sixteen years old, was thrown from a bicycle he was riding on the streets of Louisville, thereby receiving injuries, and in this suit to recover damages against the city there was a judgment for six hundred dollars. The petition charged,

and the evidence showed, that the injury was due to a defective and unsafe place in the street. The city asks a reversal on the ground that there was not sufficient evidence to sustain the verdict. But there was abundant.

Another assigned error is that the court should not have instructed the jury that ordinary care as applied to William Lee means that degree of care that may be usually expected of boys of his age, capacity and experience under the same or similar circumstances. An instruction in this form in suits to recover for injuries to minors has been repeatedly approved, and we see no reason why the court should not have given it in this case, although perhaps the failure to so instruct would not have been substantial error to the prejudice of appellee if he were the complaining party on this appeal.

Another complaint is that counsel for the city was surprised by the failure of a witness introduced in behalf of the city to testify as she indicated she would before the trial commenced. Litigants are quite often not only surprised but greatly disappointed by the testimony of their witnesses, and while there might be cases in which this character of surprise would be ground for a new trial, this is not one of them. Here the witness merely stated on the trial that she did not see Lee until after he fell and did not know whether he and the other boys with him were racing or not, when it appears that previous to the trial she had stated that the boys were racing when the accident happened.

It is further said that one of the jurors was guilty of misconduct entitling the city to a new trial. The misconduct charged is this: It appears from the bill of exceptions that the jurors were asked as a body by counsel for the city if any of them, or any of his family, had had any damage suits against any one within the past few years, and that no one of the panel of eighteen made any answer, and in the motion and grounds for a new trial it is shown that W. C. Hoefflin, one of the twelve jurors selected to try the case and the only one of the twelve who did not agree to the verdict, which was signed by eleven of the jurors, had some time previous thereto a suit against the Louisville Railway Company for personal injuries which was compromised and settled. Hoefflin said in an affidavit filed by him that he did not remember whether this question was asked the jurors or whether

he made answer to it. But that if it was asked he did answer that he had had a suit against the Louisville Railway Company. This ground for a new trial has no merit in it.

The judgment is affirmed.